UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DRAMANE FOFANA,

                        Plaintiff,

   -against-                                                 9:17-CV-519 (LEK/DJS)

KAREN BELLAMY, *et al.*,

                        Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

      Pro se plaintiff Dramane Fofana commenced this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Complaint"). By Decision and Order filed on July 5, 2017, Dkt. No. 8 (the "July Order"), this Court granted Plaintiff's in forma pauperis ("IFP") application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

      On the basis of that review, the Court dismissed the following claims, without prejudice: (1) the Fourteenth Amendment Equal Protection claim against defendant Sgt. John Doe; (2) the RLUIPA claim against Doe; and (3) supervisory claims against defendants Karen Bellamy and Michael Kirkpatrick. July Order at 11. Plaintiff was given the opportunity to file an amended complaint to assert any claim that was dismissed without prejudice. Id. at 11, n.9. The Court found that Plaintiff's First Amendment claim against Doe survived sua sponte review. Id. at 12. In light of Plaintiff's status as a pro se litigant, the Court ordered that Kirkpatrick would remain a

defendant, affording Plaintiff the opportunity to identify Doe. Id. at 10, 12.

On August 18, 2017, Kirkpatrick filed an answer. Dkt. No. 14 ("Answer"). On August 21, 2017, Plaintiff filed an amended complaint. Dkt. No. 16 ("Amended Complaint"). The Court will review Plaintiff's Amended Complaint thoroughly, with due regard for his status as a pro se litigant to determine sufficiency of the claims set forth in that pleading.

## II.     LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to § 1915A(b) was discussed at length in the July Order and it will not be restated in this Decision and Order. July Order at 2–4. The Court will construe the allegations in the Amended Complaint with the utmost leniency. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers").

## III.    SUMMARY OF AMENDED COMPLAINT[1]

The facts set forth in the Amended Complaint are largely identical in content to the allegations set forth in the original Complaint. In the Amended Complaint, Plaintiff identifies Doe as Sergeant Mason. He also asserts a new cause of action claiming that his constitutional rights were violated when Defendants failed to adhere to DOCCS Directive 4022 related to "Special Events Programs." Am. Compl. ¶ 5. Plaintiff also attempts to revive the previously

---

[1] Plaintiff annexed an exhibit to the Amended Complaint. Am. Compl. ¶ 9. To the extent that the exhibit is relevant to the incidents described in the Amended Complaint, the Court will consider the document. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) (holding that complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

dismissed RLUIPA claims, Equal Protection claim, and supervisory claims against Kirkpatrick and Bellamy. Id. ¶¶ 5–7.

## IV. DISCUSSION

### A. John Doe Defendant

In the July Order, the Court held that Plaintiff's First Amendment claim against Doe required a response. July Order at 6. With the Amended Complaint, Plaintiff substitutes Mason for Doe. Am. Compl. ¶¶ 1, 2, 5–7. The Court finds that Plaintiff's First Amendment claim against Mason survives sua sponte review and requires a response. See Hall v. Sutton, No. 11-CV-446, 2013 WL 6631532, at *3 (S.D. Ill. Dec. 16, 2013) ("A reasonable jury could find that [plaintiff's] sincere religious beliefs require that the Eid-UlFitr [sic] prayer service be held the morning after the end of Ramadan and that the Eid-Ul-Fitr feast be held some time during the three days following the end of Ramadan."). In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed motion to dismiss or for summary judgment.

### B. § 1983 Claims

#### 1. Violation of DOCCS Directive

A § 1983 claim brought in federal court is not the appropriate forum in which to raise violations of prison regulations. See Hyman v. Holder, No. 96-CV-7748, 2001 WL 262665, at *6 (S.D.N.Y. Mar. 15, 2001) (holding that allegations of prison regulation violations "are not cognizable under § 1983" because "[s]ection 1983 imposes liability for violations of rights protected by the Constitution and laws of the United States, not for violations arising solely out of state or common-law principles "); see also Sanders v. Gifford, No. 11-CV-0326, 2014 WL 5662775, at *4 (N.D.N.Y. Nov. 4, 2014) (holding that failure to follow a DOCCS directive does

not give rise to a § 1983 claim); McAllister v. Call, No. 10-CV-610, 2014 WL 5475293, at *11 (N.D.N.Y. Oct. 29, 2014) ("A section 1983 claim is not the appropriate forum in which to seek review of a violation of a prison regulation."). Accordingly, this claim is dismissed for failure to state a claim upon which relief may be granted.

        2.     *Equal Protection Claims*

The law related to the Equal Protection Clause was discussed in the July Order and will not be restated herein. July Order at 6–7. In the July Order, the Court dismissed Plaintiff's Equal Protection claim, finding it "entirely conclusory, with no facts to support any claim that he was treated unequally." Id. The Court has reviewed the Amended Complaint and finds that Plaintiff's Equal Protection claim suffers from the same infirmities as the original pleading. Accordingly, Plaintiff's Equal Protection claim is dismissed for failure to state a claim upon which relief may be granted.

        3.     *Supervisory Claims*

The law related to personal involvement and supervisory officials was discussed in the July Order and will not be restated herein. July Order at 7–9. In the July Order, the Court dismissed Plaintiff's supervisory claims against Kirkpatrick and Bellamy because Plaintiff's allegation "that Superintendent Kirkpatrick denied an internal appeal complaining of the delay to Eid-al-Fitr" was unsupported by facts detailing "where Plaintiff forwarded his appeal, by what means he forwarded the appeal, or how Kirkpatrick became aware of the appeal." Id. at 8. The Court further stated that the Complaint was deficient because it did not indicate that any "alleged constitutional violation complained of" was "ongoing," which is required in order "to find personal involvement, such that the 'supervisory official who reviews the grievance can remedy

4

[it] directly.'" Id. at 9 (quoting Burton v. Lynch, 664 F. Supp. 2d 349, 360 (S.D.N.Y. 2009)).

As presently pleaded, the Amended Complaint does not cure the deficiencies in Plaintiff's supervisory claims because it does not indicate that any constitutional violation was "ongoing." For the reasons set forth in the July Order, Plaintiff's supervisory claims against Kirkpatrick and Bellamy are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C. RLUIPA Claims

The relevant statutory provisions of RLUIPA were discussed in the July Order and will not be restated herein. July Order at 9–10. In the July Order, the Court dismissed Plaintiff's RLUIPA claims because Plaintiff sought compensatory and punitive damages, which are not available forms of relief under RLUIPA. Id. at 10. In the Amended Complaint, Plaintiff seeks compensatory damages. Am. Compl. ¶ 8. For the reasons set forth in the July Order, Plaintiff's RLUIPA claims are dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Amended Complaint (Dkt. No. 16), and all exhibits annexed thereto, is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED**, that the following claims are **DISMISSED** pursuant to §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted: (1) Plaintiff's claim that Defendants violated his constitutional rights when he failed to follow a DOCCS directive; (2) the Equal Protection claim; and (3) Plaintiff's supervisory claims against Kirkpatrick and Bellamy; and it is further

**ORDERED**, that Plaintiff's First Amendment claim against Mason survives review and requires a response; and it is further

**ORDERED**, that the Clerk of the Court shall (i) revise the docket to reflect that Mason is a defendant in this action; and (ii) revise the docket to reflect that John Doe and Kirkpatrick are no longer defendants in this action; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it, along with copies of the Amended Complaint, to the United States Marshal for service upon Defendant. The Clerk shall forward a copy of the summons and Amended Complaint to the Office of the New York Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to the Amended Complaint be filed by Defendant as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket. Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the

dismissal of his action; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 29, 2017
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge