UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DRAMANE FOFANA,

                Plaintiff,

    v.                                             9:17-CV-519
                                                      (LEK/DJS)

SGT. MASON,

                Defendant.

---

**APPEARANCES:**                              **OF COUNSEL:**

DRAMANE FOFANA
13-A-4005
Plaintiff, *pro se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. LETITIA JAMES                            MATTHEW P. REED, ESQ.
New York State Attorney General               Assistant Attorney General
Attorney for Defendant
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Dramane Fofana, an inmate in the custody of the Department of Corrections and Community Supervision ("DOCCS"), brought this action, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while an inmate at Clinton Correctional Facility. The allegations in the Amended Complaint relate to the end of

Ramadan in July 2016. *See generally* Dkt. No. 16, Am. Compl. Plaintiff's sole claim remaining following initial review is for a violation of the First Amendment's Free Exercise Clause. Dkt. No. 19. Presently pending is Defendant's Motion for Summary Judgment. Dkt. No. 38. Plaintiff opposes the Motion. Dkt. No. 41. For the reasons that follow, it is recommended that the Motion for Summary Judgment be **granted**.

## I. BACKGROUND[1]

Plaintiff is a Muslim. Dkt. No. 38-5, Plaintiff's Deposition ("Pl.'s Dep."), p. 12. In July 2016, he was incarcerated at Clinton Correctional Facility ("Clinton C.F."). *Id.* at pp. 26-27. For Muslims, Ramadan is a holy month. *Id.* at pp. 17-19. The Islamic calendar is based on the lunar schedule with new months beginning upon the sighting of a new moon. Dkt. No. 38-4, Declaration of Bishme A. Nelson ("Nelson Decl."), ¶ 5; Pl.'s Dep. at p. 24. Because of the lunar cycles, the dates of Ramadan differ each year. Nelson Decl. at ¶ 6. As a result, the month of Ramadan can be either twenty-nine or thirty days long, depending on when the new moon is sighted. *Id.* at ¶ 7. The morning after the last day of Ramadan Muslims celebrate Eid al-Fitr. *Id.* at ¶ 14. Given that the end of Ramadan is contingent upon the sighting of the new moon, DOCCS officials tentatively scheduled the Eid al-Fitr

---

[1] Under Local Rule 7.1(a)(3), on a motion for summary judgment a non-movant must respond to the movant's statement of material facts "by admitting and/or denying each of the movant's assertions in matching numbered paragraphs." N.D.N.Y. L.R. 7.1(a)(3). Plaintiff has not filed a responsive Rule 7.1 Statement. "Where the opposing party fails to follow Local Rule 7.1(a)(3), the Court shall accept the properly supported facts stated in the movant's Statement of Material Facts." *Yaghi v. Pioneer Bank*, 2018 WL 4903226, at *1 (N.D.N.Y. Oct. 9, 2018). In deference to Plaintiff's *pro se* status the Court reviewed the entire summary judgment record in order to ascertain the undisputed material facts. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (noting court's "broad discretion to determine whether to overlook a party's failure to comply with local court rules").

celebration for July 5th or 6th. Dkt. No. 38-3, Declaration of Bryan Mason ("Mason Decl."), ¶ 14.

On July 4th, Muslim inmates were given call out slips that would permit them to attend Eid al-Fitr events in the event that it was the final day of Ramadan. *See* Mason Decl. at ¶ 9 & Ex. A.; Dkt. No. 41-1 at p. 1. Defendant had no role in the issuance of callout slips on July 4th. Mason Decl. at ¶ 11; Pl.'s Dep. at p. 30. On July 5, 2016, however, a Muslim Imam advised staff at Clinton C.F. that it was the last day of Ramadan. Nelson Decl. at ¶ 12. Officials at Clinton C.F. then made sure that Eid al-Fitr was held at Clinton on July 6th. Mason Decl. at ¶ 16. All of the traditional components of the Eid al-Fitr celebration were offered to inmates at Clinton on July 6th. *Id.* at ¶¶ 18-23; Nelson Decl. at ¶ 15; Pl.'s Dep. at pp. 37 & 56. Plaintiff fully participated in this event and received all that he claims he was entitled to for Eid al-Fitr. Pl.'s Dep. at pp. 37 & 56.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994). To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin,* 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his

or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994); *see also Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## B. Analysis of Defendant's Motion

Defendant seeks summary judgment on the ground that Plaintiff has failed to establish sufficient personal involvement under 42 U.S.C. § 1983 and that he is, in any event, entitled to judgment on the merits. *See generally* Dkt. No. 38-1, Def.'s Mem. of Law.

### 1. Plaintiff's Claims Regarding Eid al-Fitr

"To prevail on a First Amendment claim, a plaintiff must show that he has a sincerely held religious belief, that it was substantially burdened, and that defendants' conduct was not reasonably related to some legitimate penological interest." *Smith v. Artus*, 2015 WL 9413128, at *8 (N.D.N.Y. Dec. 22, 2015) (quoting *Barnes v. Furman*, 629 Fed. Appx. 52, 55 (2d Cir. 2015)). "It is unclear whether the 'substantial burden' element of this test remains viable and the Second Circuit has expressed doubt whether a prisoner must make this threshold showing." *Woodward v. Ali*, 2018 WL 4190139, at *7 (N.D.N.Y. Aug. 10, 2018), *report and recommendation adopted*, 2018 WL 4188430 (N.D.N.Y. Aug. 31, 2018) (internal citations omitted). In this case, this uncertainty need not be addressed since, at least

as it relates to Plaintiff's ability to celebrate Eid al-Fitr, the record establishes that there was no burden at all imposed on Plaintiff's beliefs.

The record is clear that Ramadan ended on July 5, 2016. Nelson Decl. at ¶ 12; Pl.'s Dep. at p. 27 ("It wasn't that Ramadan was incorrect."); *see also Jones v. West*, 2017 WL 782446, at *1 (E.D. Wis. Feb. 28, 2017) (noting end of Ramadan as July 5, 2016); *Ali v. Eckstein*, 2016 WL 7351582, at *2 (E.D. Wis. Dec. 19, 2016) (same).[2] There is also no material dispute on this record that Plaintiff was able to participate in the Eid al-Fitr events held at Clinton Correctional Facility on July 6, 2016. Pl.'s Dep. at p. 37 & 46[3]; Mason Decl. at ¶¶ 20-23.

The basis of Plaintiff's Complaint as it relates to Eid al-Fitr "is based on not receiving our entitlements on the 5th, instead of the 6th." Pl.'s Dep. at p. 56. This results from his expectation, apparently premised on the issuance of call out slips on July 4th, that Eid al-Fitr was going to be celebrated on July 5th. *Id.* at p. 27. Notwithstanding Plaintiff's "understanding that we were to participate in the Eid al-Fitr on the 5th of July," Pl.'s Dep. at p. 28, he was allowed to fully participate in the Eid al-Fitr celebration on the proper day

---

[2] Numerous news articles also list July 5, 2016 as the last day of Ramadan. *See, e.g.*, https://gulfbusiness.com/sharjah-astronomer-predicts-eid-al-fitr-date/cites. The Court takes judicial notice of these sources. *Wilson v. Schwarz*, 99 F.3d 1141 (6th Cir. 1996) ("the magistrate judge did not act improperly by taking judicial notice of newspaper articles that indicated the start of Ramadan").

[3] Plaintiff returned errata sheets to Defendant's counsel which made numerous, sometimes internally inconsistent substantive changes, to his deposition testimony. One of those changes involves Plaintiff changing testimony regarding not having received accommodations related to Shawaal to involve not receiving accommodations for Eid al-Fitr. Pl.'s Dep. at p. 78. Plaintiff made no changes to the pages cited here. Plaintiff's original testimony and his subsequent changes are a part of the factual record in this case. *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997). Given the state of the entire record Plaintiff's "effort to retrieve the situation by scratching out and recanting his original testimony does not weigh enough in the balance to create an issue of fact for a jury." *Id.*

and so Plaintiff cannot establish any harm that would support a violation of his First Amendment right. Plaintiff's claim that the changes were made to the schedule based on malice and bias, *see* Dkt. No. 41 at p. 2, is entirely conclusory and contradicted by the record which shows that facility staff at Clinton C.F. began planning for the end of Ramadan and Eid al-Fitr, including discussing the uncertainty about when Ramadan would end, months earlier. Mason Decl. at Ex. A (noting communications in May 2016 regarding scheduling uncertainty).

Given the evidence that Plaintiff was able to celebrate Eid al-Fitr Defendant is entitled to summary judgment on Plaintiff's First Amendment claim.[4]

### 2. Plaintiff's Claims with regard to July 4, 2016 Callout Slips

To the extent that Plaintiff's Complaint could be construed to assert a claim based on the issuance of call out slips on the wrong day, Defendant clearly cannot be held liable because he was not responsible for the issuance of the call out slips. "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Here all parties agree that Defendant was not responsible for issuing the call out slips to inmates on July 4th, the day to which Plaintiff objects. Mason Decl. at ¶ 11; Pl.'s Dep. at pp. 65-66. In the absence of any personal involvement regarding this conduct, Defendant Mason cannot be held liable for any claim

---

[4] Plaintiff's opposition refers to a claim under the Religious Land Use and Institutionalized Persons Act, but this statutory claim was previously dismissed and is not at issue here. *See* Dkt. No. 8.

that may relate solely to the issuance of those slips.

### 3. Plaintiff's Claims Regarding Events on July 9, 2016

The final claim identified in the Complaint alleges that a food festival "planned . . . for July 9, 2016 never occurred." Am. Compl. at ¶ 20. The precise nature of this claim is somewhat unclear given that the Complaint alleges the denial of a food festival, but during his deposition Plaintiff referred repeatedly to paragraph 20 of the Amended Complaint as referencing the six days of Shawwal which appears to be a period of fasting for Muslims. *See* Pl.'s Dep. at Ex. B (DOCCS Religious Calendar identifying Shawwal as a fast); *Jones v. Malin*, 2017 WL 985943, at *1 (S.D.N.Y. Mar. 13, 2017) (discussing significance of fasting during the Six Days of Shawwal). In support of his Motion, Defendant has offered his sworn Declaration that the July 9th festival was held, along with documentary evidence demonstrating that inmates attended. Mason Decl. at ¶¶ 24-25 & Ex. B. Plaintiff's opposition to the Motion makes no reference to events on July 9th. *See* Dkt. No. 41.

Having searched the record, the Court finds only purely conclusory assertions to the contrary that are insufficient to raise questions of material fact about whether DOCCS held a religious festival as Defendant maintains. Plaintiff's conclusory claim in the Amended Complaint that the festival did not take place, *see* Am. Compl. ¶ 20, is not sufficient to overcome Defendant's showing. *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289(1968) ("a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him"); *Project Release v.*

*Prevost*, 722 F.2d 960, 968 (2d Cir. 1983) ("mere allegations in the non-moving party's pleadings are insufficient to show that there is a triable issue of fact if the moving party has made the necessary Rule 56(c) showing"). Nor is Plaintiff's similar statement during his deposition, *see* Pl.'s Dep. at p. 55, sufficient in light of the other evidence in the record. *See Argus, Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir.1986) ("such testimony, unsupported by documentary or other concrete evidence ... is simply not enough to create a genuine issue of fact in light of evidence to the contrary."). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *SCR Joint Venture L.P. v. Warshawsky,* 559 F.3d 133, 137 (2d Cir.2009). Here, given the log book entry showing that inmates attended the July 9th festival, no reasonable juror could conclude that the festival was not held.

Given this lack of evidence and the fact that Defendant has come forward with specific evidence demonstrating that the festival took place, the Court recommends that summary judgment be granted dismissing any claim related to the July 9th festival.[5]

Defendant's Motion for Summary Judgment, therefore, should be granted in its entirety.

---

[5] Plaintiff specifically alleges that the festival was not held, not that he was somehow prohibited from attending. Even were he denied the ability to attend the festival Plaintiff has made no showing that Mason, the sole Defendant remaining in the case, had any role in the July 9, 2016 festival. *See* Dkt. No. 41-1 at p. 5 (Interrogatory response from Defendant indicating he was assigned as Ramadan Sergeant on July 5 and July 6, 2016). Summary judgment would be appropriate for Defendant on the ground that he lacked personal involvement in any event.

## III. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Also pending is a renewed application by Plaintiff for appointment of counsel. Dkt. No. 28. Plaintiff's application indicates that he has been unsuccessful in his efforts to obtain *pro bono* counsel on his own. *Id.* Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the Court in ruling upon such a motion. As a threshold matter, the Court should ascertain whether the indigent's claims seem likely to be of substance. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). For the reasons set forth above, I recommend that Defendant's Motion for Summary Judgment be granted. In light of that recommendation I find "that the complaint does not meet the threshold requirement of 'substance' and will deny [P]laintiff's motion for appointment of counsel." *Murray v. RC II Nephew*, 2015 WL 1730178, at *1 n. 2 (N.D.N.Y. Apr. 14, 2015); *see also Bennett v. Erie Cty. Holding Ctr. Med. Dep't*, 2006 WL 897817, at *9 (W.D.N.Y. Mar. 31, 2006).

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion for Summary Judgment (Dkt. No. 38) be **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 42) be

**DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS**[6] **WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  January 23, 2019
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).